# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **GETZELL J. MURRELL, SR.** | **CIVIL ACTION NO. 03-257** |
| **-vs-** | |
| | **JUDGE LITTLE** |
| **CARL CASTERLINE, ET AL.** | |

## AMENDED JUDGMENT

Before the court is a revised report and recommendation of the magistrate recommending that the Defendants's motion to dismiss the civil rights complaint, filed under Bivens[1] by *pro se* Plaintiff Getzell J. Murrell, Sr. ("Murrell"), proceeding *in forma pauperis*, be granted in part and denied in part. The report recommends: (1) that the Defendants's Rule 12(b)(5) motion to dismiss for lack of service of process be denied as to Defendants C. Castillo ("Castillo"), Lane Gremillion ("Gremillion"), Frederick Jefferson ("Jefferson"), Robert Tapia ("Tapia"), and Marty Cannon ("Cannon") because the court has recently been provided with their addresses; (2) that the Defendants's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction due to lack of exhaustion of administrative remedies should be denied as moot because the relevant portions of Murrell's amended complaint have already been stricken; (3) that the Rule 12(b)(6) motion to dismiss filed by Castillo, Anduray Ellis White ("White"), and Bryan Erickson ("Erickson") be granted as to Murrell's mail censorship/First/Fifth Amendment claim, and that this claim should be dismissed with

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i); (4) that the Rule 12(b)(6) motion to dismiss be granted in favor of Defendant Cindy Pike ("Pike") as to Murrell's Equal Protection/Due Process claim regarding her confiscation of his Neoweld glue due to its harmful, carcinogenic nature, and that this claim should be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i); (5) that the Rule 12(b)(6) motion to dismiss be denied as to Murrell's Eighth Amendment claim for damages due to exposure to environmental tobacco smoke (ETS) against Defendants Carl Casterline ("Casterline"), Tapia, Les Phillips ("Phillips"), Jefferson, Pike, Steve Aycock ("Aycock"), Cannon, Harris Hatchett ("Hatchett"), and Gremillion; and (6) that Murrell's claims for injunctive relief due to exposure to ETS against Casterline, Tapia, Phillips, Aycock, Castillo, Erickson, and Cannon should be dismissed with prejudice as moot because they no longer are employed at U.S. Penitentiary-Pollock (USP-P) where Murrell is incarcerated. Murrell has timely[2] filed

---

[2] On 3 May 2005, Murrell filed a motion for thirty-day extension of time to file an objection, but on 6 May 2005, Murrell filed an emergency motion to stay the proceedings indefinitely because he had been told that he would soon be transferred from the USP-P to a prison out of state. On 9 May 2005, the court granted Murrell an extension of time to file an objection only until 30 May 2005 [#87]. Although Murrell's objection [#92] was received on 6 June 2005, after this court issued its original Judgment, and mailed two days late on 1 June 2005, this court will give Murrell the benefit of the doubt and deem it timely filed under the circumstances. See Thompson v. Raspberry, 993 F.2d 513, 515 (5th Cir. 1993) (stating that a *pro se* prisoner's written objections to a magistrate's report must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court). On 6 June 2005, Murrell also filed a Notice of Change of Address [#90] and a motion to terminate his earlier emergency motion to stay the proceedings [#91], granted on 8 June 2005, explaining his forced change of address and requesting that the stay be terminated.

The court, therefore, will deem his objection timely, taking into consideration the fact that Murrell received the magistrate's report on 3 May 2005 just a few days before he was told he would be moved from the USP-P on 6 May 2005 to the Federal Transfer Center in Oklahoma City, Oklahoma, and he properly asked for an extension of time. In Oklahoma, Murrell was separated from his personal property and legal materials, preventing him from filing his objection. Murrell remained in custody in OK until 23 May 2005 when he was transported to the U.S. Penitentiary-Hazelton, West Virginia, where his personal property and legal materials were waiting for him. He filed his objection about a week after being transferred to West Virginia, thus attempting to file his objection with due diligence and reasonably close to the 30 May 2005 deadline.

an objection to the magistrate's report.[3] After a de novo review of the portions of the report Murrell has objected to, as well as of the entire record, this court accepts the findings and recommendations of the magistrate and adopts the report for the most part as correct, but adds the following modification to clarify the claim for injunctive relief and to amend its earlier judgment to address Murrell's objections.

On 6 June 2005, Murrell filed a Notice of Change of Address [#90]. Murrell stated that he was transferred from the USP-P on 6 May 2005 to the USP-Hazelton, West Virginia, on 23 May 2005 where he is currently incarcerated. In contrast to the report, which was filed before notice of Murrell's change of address, his claim for injunctive relief for exposure to ETS against Defendants Jefferson, Pike, Hatchett, and Gremillion must now be dismissed with prejudice as moot because he no longer is incarcerated at USP-P. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (holding that a prisoner's transfer from one prison to another renders his claims for declaratory and injunctive relief moot); Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991) (same). Thus, because Murrell can no longer seek equitable relief against these or any of the Defendants, his injunctive relief claims must be dismissed with prejudice as moot.

Also on 6 June 2005, Murrell filed objections to the magistrate's report [#92]. Murrell claims that: (1) the magistrate's recommendation to dismiss Castillo, because she

---

[3] This court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations by the magistrate. See United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989); 28 U.S.C. § 636(b)(1) (2005); LR 74.1W(B) (2005). The district court is not, however, required to make new findings of fact or to reiterate the findings and conclusions of the magistrate if found to be correct. See Warren v. Miles, 230 F.3d 688, 694-95 (5th Cir. 2000); Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993).

was never served with summons and complaint, would be improper for this court to approve because Murrell, as a prisoner proceeding *in forma pauperis*, is entitled to rely on the court and the U.S. Marshals Service for service of process; (2) as for his mail censorship claim, he has stated a nonfrivolous Fifth Amendment Due Process claim because the regulations employed by the Bureau of Prisons (BOP) do not justify denying him his procedural Due Process rights, such as giving him notice of rejected mail before returning it to the sender, nor do they further any important or substantial governmental interest that requires the suppression of his First and Fifth Amendment rights; (3) also with respect his mail censorship claim, in contrast to the report, he has only asked for injunctive and monetary relief, not compensatory damages which the magistrate stated Murrell could not recover without an injury, and he never alleged that he was entitled to copies of rejected mail as the report indicated, but he does claim that he should at least be entitled to nominal damages because the Defendants have not corrected the mail problem and they continue to reject or delay his mail without giving him prior notice or an opportunity to appeal; (4) as for his Equal Protection/Due Process claim for confiscation of his Neoweld glue, he concedes that he may not have stated an Equal Protection claim, but contends that there is a genuine issue of material fact that would preclude dismissal of his Due Process claim and alleges that Defendant Pike confiscated his glue without notice to Murrell and without following established BOP procedures of allowing Murrell to send his glue home or to an outside friend; and (5) he has stated a claim that continued exposure to ETS and its chemicals has and will continue to cause serious damage to his present and future health.

All of Murrell's objections have no merit and are overruled because they were more than adequately addressed by the magistrate. As for his first objection, Murrell misread the report to mean that the magistrate was recommending dismissal of Castillo because of her never being served. The report actually stated that "[s]ince the court has recently been provided with the addresses for those defendants [including Castillo], defendants' motion to dismiss these defendants for lack of service of process should be denied. Moreover, it will be recommended *below* that Murrell's action against Castillo be dismissed with prejudice." Magistrate's Report and Recommendation (R&R), at 4 (emphasis added). Contrary to Murrell's interpretation, the magistrate ruled *against* the Defendants and *for* Murrell on their motion to dismiss Castillo based on lack of service of process precisely because the court has been provided with her address. The report mentions that Murrell's complaint will be dismissed with prejudice against Castillo *below*, referring to the later discussion of Murrell's mail censorship claim, not referring to the motion to dismiss for lack of service of process. Thus, Murrell's first objection is overruled because it has no merit.

With respect to Murrell's second objection, it also lacks merit and is overruled. The report adequately addressed this issue and properly recommended dismissing his mail censorship/delay claim with prejudice as frivolous. This court may dismiss as frivolous the complaint of a prisoner proceeding *in forma pauperis* if it lacks an arguable basis in law or fact, and a "complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." 28 U.S.C. § 1915(e)(2)(B)(i) (2005); Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005) (affirming the dismissal of a prisoner's complaint as frivolous

5

because of the lack of a liberty interest involved with having his grievances resolved to his satisfaction because prison officials allegedly withheld and lost some of his mail). A prisoner has a "liberty interest only in 'freedom[s] from restraint . . . impos[ing] *atypical* and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Geiger, 404 F.3d at 374 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). Murrell, as a prisoner, has no protected liberty interest, such that would be actionable under the Due Process Clause of the Fifth Amendment, in the freedom from having his mail censored or delayed by the prison officials. He has no federally protected liberty interest in having his mail delivered to and from prison without being censored or rejected without giving him prior notice. Thus, because Murrell's mail censorship/delay claim relies on a legally nonexistent interest, any alleged Due Process violation is utterly meritless and this objection is overruled and this claim is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

In contrast to Murrell's third objection, he *did*, in fact, seek compensatory damages for his mail censorship/delay claims, but he did not seek nominal damages. In his Amended Complaint, Murrell asked for compensatory and punitive damages, injunctive relief, court costs, and attorney's fees, despite the fact that he sought and received approval to proceed *in forma pauperis* and would incur no attorney's fees. Nowhere in his Amended Complaint did Murrell seek *nominal* damages for this mail censorship claim nor for any of his claims. Murrell did seek, however, $1 million in *compensatory* damages from Defendants White, Erickson, and Castillo for rejection of his mail without affording him notice and an opportunity to appeal. See Amended Complaint [#51], at 41-44. Compensatory damages are, of course, a form of monetary relief because "damages" are "[m]oney claimed by, or

ordered to be paid to, a person as *compensation* for loss or injury." BLACK'S LAW DICTIONARY (8th ed. 2004), damages (emphasis added). To the extent that the report construed Murrell's mail claim as a violation of his First Amendment "right to send and receive mail without undue governmental interference" for which he seeks compensatory damages for mental and emotional distress, this claim for compensatory damages is barred by the physical injury requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e). See also Geiger, 404 F.3d at 374. Murrell's failure to allege a physical injury falls squarely under this bar, precluding compensatory damages for mental and emotional injuries. Furthermore, as discussed above, Murrell can no longer seek injunctive relief for mail censorship or any claim. Thus, Murrell's third objection lacks merit and is also overruled.

As for Murrell's fourth objection, regarding a Due Process violation due to the confiscation of his Neoweld glue without prior notice, it also lacks merit and is overruled. As stated above, Murrell did not allege that his freedom from *restraint* was curtailed by the Defendants and, therefore, he does not allege that they infringed upon a protected *liberty* interest. See Sandin v. Conner, 515 U.S. 472, 484 (1995); Geiger, 404 F.3d at 374. Thus, Murrell has no protected liberty interest with respect to the confiscation of his Neoweld glue and can only allege a Fifth Amendment procedural due process claim if he can identify a cognizable property interest entitled to due process consideration. See Brock v. Roadway Express, Inc., 481 U.S. 252, 260 (1987); Baldwin v. Daniels, 250 F.3d 943, 948 (5th Cir. 2001). Murrell can allege no cognizable property interest requiring Due Process under the Fifth Amendment before his Neoweld glue can be confiscated by prison officials. As properly stated by the report, the confiscation of certain products such as Neoweld glue are

a matter of prison administration, and this court will not interfere absent a cognizable constitutional property interest. Thus, Murrell's fourth objection is also overruled.

Finally, Murrell's fifth objection also lacks merit and is overruled. Once again, Murrell misread the report to mean that his damages claim due to exposure to ETS was dismissed. On the contrary, the magistrate *allowed* Murrell's damages claim and his claim for injunctive relief for exposure to ETS, at least against Jefferson, Pike, Hatchett, and Gremillion, to survive the Defendants's motion to dismiss. See R&R, at 14-15. As discussed above, however, Murrell no longer has standing to seek injunctive relief for exposure to ETS against any Defendant. Nevertheless, the fact that he is no longer confined in this district does not affect his standing to seek damages. See Rhodes v. Bureau of Prisons, 477 F.2d 347, 348 (5th Cir. 1973). Thus, Murrell's Eighth Amendment/ETS claim for damages is not rendered moot by his transfer out of state, at least not at the motion to dismiss stage, and his fourth objection is overruled.

Accordingly, the Defendants's Rule 12(b)(5) motion to dismiss for lack of service of process is DENIED as to Castillo, Gremillion, Jefferson, Tapia, and Cannon and the Defendants's Rule 12(b)(1) motion to dismiss for lack of exhaustion of administrative remedies is DENIED AS MOOT. The Defendants's Rule 12(b)(6) motion to dismiss is GRANTED with respect to Murrell's mail censorship/First/Fifth Amendment claim against Castillo, Erickson, and White, and GRANTED with respect to Murrell's Equal Protection/Due Process/Neoweld glue claim against Pike. Murrell's Bivens complaint against all Defendants as to these two claims, therefore, is DISMISSED WITH PREJUDICE as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The Defendants's Rule 12(b)(6) motion to

dismiss Murrell's Eighth Amendment/ETS claim for damages, however, is DENIED as to Casterline, Tapia, Phillips, Jefferson, Pike, Aycock, Cannon, Hatchett, and Gremillion whereas Murrell's claim for injunctive relief against Casterline, Tapia, Phillips, Aycock, Castillo, Erickson, and Cannon is DISMISSED WITH PREJUDICE AS MOOT because those Defendants no longer work at USP-P while his claim for injunctive relief for exposure to ETS against Jefferson, Pike, Hatchett, and Gremillion is DISMISSED WITH PREJUDICE AS MOOT because Murrell no longer is incarcerated at USP-P.  Murrell's claim for injunctive relief, whether for mail censorship or for exposure to ETS, against all Defendants is DISMISSED WITH PREJUDICE AS MOOT.

The sole remaining claim, therefore, is Murrell's Eighth Amendment/ETS claim for damages against Casterline, Tapia, Phillips, Jefferson, Pike, Aycock, Cannon, Hatchett, and Gremillion.  The clerk of court is ordered to terminate Defendants Castillo, White, and Erickson from this case because the only claims against them, mail censorship claims against all three and injunctive relief against Castillo and Erickson, have been dismissed above.

Alexandria, Louisiana

22 June 2005

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE