UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GETZELL J. MURRELL, SR., <br>     Plaintiff <br><br> VERSUS <br><br> CARL CASTERLINE, et al., <br>     Defendants | CIVIL ACTION <br> SECTION "P" <br> NO. CV03-0257-A <br><br><br> JUDGE DEE D. DRELL <br> MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before this court is defendants' second motion for summary judgment (Doc. 146).

Po se plaintiff Getzell J. Murrell, Sr. ("Murrell") filed a complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971),[1] in forma pauperis, on January 10, 2004, and amended on September 24, 2004 (Doc. Item 22) and October 21, 2004 (Doc. Item 29). The remaining defendants are Carl Casterline ("Casterline") (former

---

[1] Bivens defendants are federal officials brought into federal court for violating the Federal Constitution. Bivens-type actions may be brought only against federal agents and not federal agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994); Whitley v. Hunt, 158 F.3d 882 885 (5th Cir. 1998). Under Bivens, a plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights. Channer v. Hall, 112 F.3d 214, 216 (5th Cir. 1997).

warden of the United States Penitentiary in Pollock, Louisiana ("USP-Pollock")), Robert Tapia ("Tapia") (current warden of USP-Pollock), and correctional officers Cindy Pike ("Pike"), Steve Aycock ("Aycock"), Harris Hatchett ("Hatchett"), Les Phillips ("Phillips"), Frederick Jefferson ("Jefferson"), M. Cannon ("Cannon"), and Lane Gremillion ("Gremillion"). In his only remaining claim, Murrell alleges the named defendants were deliberately indifferent to his serious medical needs by deliberately exposing Murrell, a non-smoker, to environmental tobacco smoke ("ETS") through failing to enforce the prison smoking policies since 2001, despite Murrell's doctor's recommendation to avoid ETS. Murrell alleges that his exposure to ETS caused him to suffer migraine headaches, dizziness, eye irritation, sinus problems, breathing problems, hypertension, and coughing. For relief, Murrell asks for a jury trial and monetary damages. Murrell is presently incarcerated in USP-Hazelton in Bruceton Mills, West Virginia.

Defendants filed a motion to dismiss (Doc. 40) for lack of exhaustion, lack of service of process, and failure to state a claim on which relief may be granted. That motion was granted in part and denied in part (Doc. 89, 96). Defendants then filed a motion for summary judgment (Doc. Item 117) which was denied by the Court of Appeals (Doc. 138). On remand, defendants filed a second motion for summary judgment (Doc. 146), alleging that Murrell failed to exhaust

his administrative remedies. Defendants' motion is now before the court for disposition.

The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex

Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 178 (5th Cir. 1990) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505 (1986). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325, 106 S.Ct. 2548. See also Lavespere, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See Celotex, 477 U.S. at 324, 106 S.Ct. 2548. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. See id. at 325, 106 S.Ct. 2548; Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994); Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory

allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. <u>Little</u>, 37 F.3d at 1075.

All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. <u>Little</u>, 37 F.3d at 1075.

<u>Law and Analysis</u>

This is the second time defendants have raised the defense of lack of exhaustion; defendants previously raised this defense in a motion to dismiss (Doc. 40). This court noted in the previous Report and Recommendation that Murrell's claim for exposure to environmental tobacco smoke was exhausted in compliance with the Bureau of Prisons' administrative remedy procedures (Docs. 82, 96). Defendants' motion to dismiss was denied by the district court on the issue of exhaustion (Doc. 89, 96) and defendants did not appeal that ruling (Doc. 138).

However, defendants allege that Murrell did not exhaust his administrative remedies in compliance with the Bureau of Prisons' procedural rules and deadlines governing proper submission of administrative remedies, citing <u>Woodford v. Ngo</u>, 548 U.S. 81, 126 S.Ct. 2378 (2006), a case which was decided subsequent to their first motion for summary judgment and the ruling thereon. Specifically, defendants contend that, although Murrell filed his environmental tobacco smoke claim at all three levels of the BOP's administrative remedies, and those claims were considered and

5

responded to on the merits at all three levels, he filed his regional appeal - the last level - late and, therefore, his case should be dismissed because he did not satisfy the technical requirements (in this case, timeliness) for exhausting his administrative remedies.

Woodford is not analogous to the case at bar. In Woodford, 548 U.S. at 87, 126 S.Ct. at 2384, the prison system rejected the inmate's initial grievance was untimely. The Supreme Court held that, because Woodford had not properly complied with the prison's grievance requirements, his claim was not exhausted. Woodford, 548 U.S. at 90-91, 126 S.Ct. at 2386. In Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910 (2007), the Supreme Court also noted that the rules applicable to the prison's administrative review process are defined by the prison, not the PLRA. Therefore, it seems to this court that it should not be expected to enforce the prison's grievance process rules more strictly than the prison itself does. Therefore, Woodford is not controlling because it did not involve a situation where a grievance was addressed on the merits. Compare Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002); Ellis v. Vadlamudi, 568 F.Supp.2d 778, 785-786 (E.D.Mich. 2008); Jones v. Stewart, 457 F.Supp.2d 1131, 1136-1137 (D.Nev. 2006); Griswold v. Morgan, 317 F.Supp.2d 226, 230 (W.D.N.Y. 2004).

In Woodford, the Supreme Court analogized the exhaustion requirement applicable to prisoner civil rights and Bivens suits to

the exhaustion requirement in habeas corpus cases. The court noted that, in habeas, while a prisoner's claims may be technically exhausted because state-court remedies are no longer available, a prisoner is generally barred from asserting those claims due to procedural default. Woodford, 548 U.S. at 92-93, 126 S.Ct. at 2386-2387, and cases cited therein. By extending that analogy, this court further notes that, in habeas, a procedural bar to habeas relief may only be invoked where the state court relied on a state procedural bar to consideration of a petitioner's claim; the state court must dismiss the claim pursuant to the procedural bar. A habeas claim is considered exhausted if the last state court to consider it addresses the merits of the claim, regardless if the state court could have relied on a state procedural bar to dismiss the claim.[2] Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S.Ct.

---

[2] Federal habeas review is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. To prevent federal habeas review, a state procedural bar must be independent of the merits of the federal claim and adequate in the sense of not being unconstitutional, or arbitrary, or pretextual. Where the last reasoned state court opinion on a federal claim explicitly imposes a procedural default, there is a presumption that a later decision rejecting the same claim without opinion did not disregard the procedural bar and consider the merits. Lott v. Hargett, 80 F.3d 161, 164 (5th Cir. 1996)

In habeas, if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an

2546, 2557 n.1 (1991).

In the case at bar, the regional director considered the merits of Murrell's last administrative appeal, even though he could have rejected the appeal as untimely.  Essentially, defendants argue that Murrell has "procedurally defaulted" his claim.  As a practical matter, Murrell's claim is fully exhausted because it has been presented to and considered on the merits by all three levels of BOP administrative review.  Had the BOP rejected Murrell's last appeal because it was filed late, the BOP could properly claim lack of exhaustion for failure to comply with the time limit requirements. Instead, the BOP officials chose to address the merits of Murrell's complaints.  As in a habeas case, it is illogical for defendants to ask this court to enforce a procedural rule they themselves ignored and dismiss Murrell's complaint as unexhausted.

Therefore, defendants' argument that Murrell's ETS claim is not exhausted because his last grievance was not timely filed is meritless.  Compare, Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002); Ellis v. Vadlamudi, 568 F.Supp.2d 778, 785-786 (E.D.Mich. 2008); Jones v. Stewart, 457 F.Supp.2d 1131, 1136-1137

---

independent and adequate state ground, a federal court may address the petition. Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1 (1991), citing Harris v. Reed, 489 U.S. 255, 269-270, 109 S.Ct. 1038, 1046-1047 (1989); Teague v. Lane, 489 U.S. 288, 297-298, 109 S.Ct. 1060, 1067-1068 (1989). Also, Williams v. Collins, 802 F.Supp. 1530, 1535 (W.D.Tex. 1992), rev'd on other grounds, 12 F.3d 66 (5th Cir.), cert. den., 513 U.S. 854, 115 S.Ct. 157 (1994).

(D.Nev. 2006); Griswold v. Morgan, 317 F.Supp.2d 226, 230 (W.D.N.Y. 2004).

As previously held by the district judge (Docs. 82, 96), Murrell's ETS claim is exhausted.[3] Defendants' motion for summary judgment on the ground of lack of exhaustion should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion for summary judgment be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING**

---

[3] That issue is settled in this case under the law-of-the-case doctrine. Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 108 S.Ct. 2166 (1988); White v. Murtha, 377 F.2d 428, 431-432 (5th Cir. 1967). Also, Fed.R.Civ.P. rule 11.

**ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 23rd day of June, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE