IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GETZELL JOHNSON MURRELL, SR. | § | |
| VS. | § | CIVIL ACTION NO. 1:10cv794 |
| CARL CASTERLINE, ET AL. | § | |

## MEMORANDUM OPINION REGARDING TRANSFER

Plaintiff Getzell Johnson Murrell, Sr., an inmate confined at the United States Penitentiary in Tucson, Arizona, proceeding *pro se*, brings this lawsuit against Carl Casterline (former warden of the United States Penitentiary in Pollock, Louisiana), Robert Tapia (current warden of the United States Penitentiary in Pollock, Louisiana), and correctional officers Cindy Pile, Steve Aycock, Harris Hatchett, Lee Phillips, Frederick Jefferson, M. Cannon, and Lane Gremillion, all employed at the United States Penitentiary in Pollock, Louisiana.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

Plaintiff filed this action in the United States District Court for the Western District of Louisiana on February 7, 2003, alleging various constitutional violations concerning the conditions of his confinement. In his only remaining claim, plaintiff alleges the above-referenced defendants were deliberately indifferent to his serious medical needs by deliberately exposing him to environmental tobacco smoke ("ETS") through failing to enforce the prison smoking policies and

denied him proper medical care while he was incarcerated at the federal prison in Pollock, Louisiana.

All of the defendants named in this action are, or were, employed at the United States Penitentiary in Pollock, Louisiana. Additionally, the incidents complained of in this case occurred in Pollock, Louisiana. Further, plaintiff filed his claims in the United States District Court for the Western District of Louisiana. This action, however, was transferred from the United States District Court in the Western District of Louisiana to this court on motion by the defendants to transfer venue based on the "first-to-file" rule.

## Analysis

### *First-to-File Rule*

The first-to-file rule "requires federal district courts - courts of coordinate jurisdiction and equal rank - to exercise care to avoid interference with each other's affairs." *West Gulf Maritime Ass'n v. H.A. Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985). The Fifth Circuit recognizes the first-to-file rule based on "principles of comity and sound judicial administration." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citing *Save Power*, 121 F.3d at 950; *West Gulf Maritime Ass'n*, 751 F.2d at 728). Completely identical parties are not required; however, the first-to-file rule does not apply when there is merely some relation between the first and subsequently filed actions - the crucial inquiry is one of substantial overlap. *See Save Power*, 121 F.3d at 951.

In the first-filed action, *Murrell v. Chandler*, Civil Action No. 01:01cv184, filed in this court, plaintiff alleges he was exposed to unreasonably high levels of ETS while confined at the Federal Correctional Complex in Beaumont, Texas. Plaintiff claims the defendants were deliberately indifferent to his plight during the period from December, 1999 through March 3, 2001. Plaintiff alleges "he was assigned to a non-smoking unit but smokers were housed at the same unit; he was exposed to excessive levels of ETS 12 to 24 hours a day in his housing unit and at the factory where he worked; the smoke was often so thick in his housing unit that he had to hold a wet towel over his face to breathe; he advised the defendants that the no smoking policy was not being enforced and that he was having serious health problems that included migraine headaches and respiratory problems." *Murrell v. Chandler*, No. 07-40340 (5th Cir. Apr. 30, 2008). Specifically, plaintiff must prove objectively that he was exposed to unreasonably high levels of ETS at the facility in Beaumont, Texas, and that the defendants, all employed at the facility in Beaumont, were subjectively deliberately indifferent.

In *Murrell v. Casterline*, the second case, filed in the Western District of Louisiana, plaintiff also complains of exposure to ETS. In this case, however, plaintiff complains of exposure at the United States Penitentiary in Pollock, Louisiana during the period from the time of his arrival sometime in 2001 through 2005, and he was denied medical care for a serious medical need through exposure to ETS. *See Murrell v. Casterline*, 1:03cv257 (W.D. La.), docket entry no. 127 - Report and Recommendation. Thus, plaintiff must prove that the defendants, all employed at the prison facility in Pollock, Louisiana, were subjectively deliberately indifferent regarding incidents which occurred at the penitentiary in Pollock, Louisiana.

"[T]he 'first-to-file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997). "In the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case." *Mann Manufacturing, Inc. v. Hortex, Inc.,* 439 F.2d 403, 406 (5th Cir. 1971). While noting in the transfer order that in both lawsuits plaintiff seeks "damages against Bureau of Prisons employees secondary to Plaintiff's alleged exposure to environmental tobacco smoke while he was incarcerated in BOP facilities," the Louisiana district court made no finding that the issues in the subsequently-filed action "substantially overlap" the issues in the first-filed suit. And, in fact, that determination is to be made by the Eastern District of Texas based on it's prior jurisdiction. *Id*. at 408.

Here, the claims in the two cases are separate and distinct, involving the alleged subjective deliberate indifference of entirely different defendants located at two different prison facilities. Additionally, the claims are distant in both time and proximity, concerning plaintiff's incarceration at a facility in Beaumont, Texas from December, 1999 through March 3, 2001 and his incarceration at a facility in Pollock, Louisiana from sometime in 2001 through 2005.

In the two cases brought by plaintiff there is merely some relation between the two actions. Both cases were brought by the same plaintiff and both involve plaintiff's alleged exposure to excessive tobacco smoke. The cases, however, do not substantially overlap and separate proceedings will not result in conflicting rulings or a ruling by the second court that interferes with the power of the first. Thus, plaintiff's second case may proceed simultaneously and parallel to the first case.

*Venue*

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Here, plaintiff complains of incidents which occurred in Pollock, Louisiana. Further, the defendants are employed at the federal prison located in Pollock, Louisiana. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Grant Parish, Louisiana. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 98, Grant Parish is located in the Western District of Louisiana. As Grant Parish is located in the Western District of Louisiana, venue in the Eastern District of Texas is not proper for plaintiff's claims.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). After due consideration, plaintiff's claims against prison officials in Pollock, Louisiana should, in the interest of justice, be transferred to the Western District of Louisiana. An appropriate order so providing will be entered by the undersigned.

**SIGNED** this  28  day of        June        , 2011.

*[signature: Earl S. Hines]*
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE